THE STATE OF OHIO *v*. MURRAY.

(No. 6051—Decided March 11, 1965.)

*Mr. Willam B. Saxbe,* attorney general, and *Mr. Donald A. DeCessna,* for plaintiff.
*Mr. Charles Van Dyne,* for defendant.

ANDREWS, J.   Defendant in this case appeared in Lima Municipal Court pursuant to an affidavit filed charging a violation of Section 1533.02, Revised Code, by "unlawfully taking in Allen County, Ohio, a game quadruped, to wit: a bear, in the closed season." The affidavit was signed by the divsion of wildlife on behalf of the state of Ohio. The defendant entered a plea of not guilty.

At the trial, the evidence indicated the defendant obtained while in Canada early in June 1964, a bear cub weighing about eight pounds, which he brought to his home in Bluffton, Ohio, after first securing a permit to transport same from a Canadian game warden. He kept the cub bear in a cage at his home and placed a collar around its neck.

Approximately June 16, 1964, the bear escaped from its cage. About three months later defendant was informed that the bear was in a tree in a woods on a nearby farm. The defendant endeavored to get the bear down by hooking a power linesman's "hot stick" to the bear's collar. He was unsuccessful and sawed the tree limb causing the bear to fall some 50 to 75 feet to the ground. After a dog jumped on the bear, it ran

and climbed another tree to about 30 feet. The defendant then hooked the ''hot stick'' through the collar of the bear and lower-er him to the ground by means of a rope. The bear died on the ground and was later taken to a taxidermist. The bear weighed about 40 pounds when recaptured.

The state claims that the bear was illegally possessed in Canada, that defendant did not have legal papers of ownership, and that no title vested in him and that he was not within the exception of Section 1531.02, Revised Code, which reads as follows:

''The ownership of and the title to all wild animals in this state, not legally confined or held by private ownership legally acquired, is in the state, which holds such title in trust for the benefit of all the people. Individual possession shall be obtained only in accordance with the Revised Code or division of wildlife orders.''

The State claims further that even if the defendant had any legal title to the bear whatsoever, he lost possession and control of the bear for three months, that the bear was a wild animal having existed on its own for three months and that title to the bear vested in the state of Ohio as a wild animal; that the ownership of the bear had reverted to the state and that the defendant had no legal right to take the bear in violation of Section 1533.02, Revised Code.

The defendant claims the bear was not native to this area and was brought here from Canada and that Section 1533.02, Revised Code, does not apply to animals brought here from another country by an individual, such as the bear in this case. The defendant also alleges that the state of Ohio has title only to wild animals native to this state, citing 24 American Jurisprudence, Game and Game Laws, Section 3, pages 374 and 375, which read as follows:

''Upon the independence of the American States, each state, in its sovereign capacity, acquired the titles of the government and of the King of England to the game *within its borders* in trust for the benefit of its citizens. * * *

''In this way, the people of the original states and of those subsequently admitted have become invested with the title to the wild game *within their state boundaries* without a statutory declaration which would have no force except to make written law out of unwritten law.''

The defendant claims further the state did not acquire title to the bear because it came from Canada and the state of Ohio cannot acquire title by reversion to something it never owned or had. The defendant claims he acquired title by reversion in that he was re-taking something which he orignally had. The state claims further the defendant illegally obtained possession of the bear. The defendant answers if any title reverted, it reverted to Canada and not to the state of Ohio.

Upon consideration thereof, the court finds that the purpose of the statute was to conserve and protect natural game; that the bear protected by the statute are the wild bear that would commonly be denominated game, that is, bear found in a natural state in the forest; and that bear which was transported into Ohio from outside the United States and had been in captivity, would not be wild bear within the meaning of the statute, because such bear would not be in any sense ''game,'' within the meaning of the laws.

The court is further of the opinon that the intent of the game laws is to protect natural and wild game of this state and was not intended to prevent a person who brought a cub bear into the state from re-taking it after its escape, especially where such animal still could be identified by a collar placed on it by such person.

The defendant is found not guilty and ordered discharged.

*Judgment accordingly.*